IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JOSEPH JOHNSON-BEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 2:19-cv-2479-MSN-tmp |
| JAMES M. LAMMEY, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is plaintiff Joseph Johnson-Bey's *pro se* complaint, originally filed in the United States District Court for the Northern District of California on June 27, 2019. (ECF No. 1.) Johnson-Bey also filed a motion to proceed *in forma pauperis*, which was granted on July 8, 2019. (ECF NO. 7.) On July 26, 2019, the action was transferred to this District, where venue is proper. (ECF No. 9.) Pursuant to Administrative Order 2013-05, this case has been assigned to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the following reasons, the undersigned recommends that this case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.    PROPOSED FINDINGS OF FACT**

Johnson-Bey's complaint is styled as an action based on federal question and diversity jurisdiction, for claims arising out of "Treaty Law – Article III Jurisdiction – Violation of

Unalienable Rights." (ECF No. 1 at 3.) The State of Tennessee, Thomas Leith, and Judge James M. Lammey are named as defendants in the caption. (Id. at 1.) In an attachment to the complaint, Johnson-Bey also lists as defendants the Shelby County Sheriff's Office, Memphis Police Department, Criminal Court Clerk Heidi Kuhn, and the Division of Business Service for the Tennessee Department of State. (Id. at 10.) The complaint includes the following allegations:

> 1. On January 6, 2019 I, Officer Joseph Johnson-Bey a Free White Person and a Foreign National to THE STATE OF TENNESSEE, was Traveling with my family in my private capacity in my private conveyance when I was charged by the Defendants on colorable charges of "Servicing a Warrant" which holds no Merit under Constitutional provisions.
>
> 2. The Defendants have willfully removed my title of Nobility and Nationality by labeling me as "BLACK" which is considered Libel and Slander and Defamation of Character even as evidenced by Suit(s) / Summons / Bill(s) of Exchange Instrument(s) Number #(s):C1809546/C1809547 (See EXHIBIT )
>
> 3. My body was kidnapped and held for ransom for 121 days against my will with no verified claim on the record and was held even after it was clear that the court lacked jurisdiction.
>
> 4. Numerous correspondences were placed on the record to clear up any errors as far as my status to the State Actors from the Al Moroccan Federal Government and were recorded on Shelby County Recording Office records publicly. Even after presenting the evidence, the "Pretender" (according to USC 18 Section 912) refused to act in Good Faith and honor the documents. Instead chose to ignore and force further proceedings under Color of Law. (See EXHIBIT )
>
> 5. THE STATE OF TENNESSEE and its Agents have also manipulated and falsify documents time and time again by

> altering my name on documents by spelling the name in "ALL CAPS" which is an indication of CAPITIS DIMUNITIO MAXIMA which is NOT my status and also defaming my character by labeling me as "BLACK" even though my correct status has been recorded and filed publicly and have been misrepresenting me under COLOR OF LAW in order to denationalize me and fraudulently claim jurisdiction. Which is a violation of USC Title 18 Section 1001
>
> 6. I am being violated on my own ancestral estate as My "Nationality Identification" affirms my domicile being North America which meets the National ID Act and 1508 "Specially Mentioned Identifications" U.S.C. Title 18 section 1028. (SEE EXHIBIT) Therefore all defendants are deemed incompetent and ignorant to the law and are all guilty of enforcing colorable laws under stress, duress and coercion in violation of U.S.C. Title 18 section 241, 242 and 245.
>
> 7. THE STATE OF TENNESSEE through its agent(s), James M. Lammey (acting judge) and other parties have shown further fraud/ bad faith with the intent of causing harm and injury to my body by issuing a CAPIAS for my body even though it is very evident that the court lacks jurisdiction. This is absolute proof of the RICO violations and these individuals should be held fully accountable for these crimes against the people. 8. Also, the entity that you are looking for was born in 1975, watch means the entity would be 43 years old. I, Officer Joseph Johnson Bey standing squarely upon Divine Law, ascend to this earth, on the earth of February 19, 1979. That means that all these cases have no merit and are nun and void

(Id. at 11.) While difficult to discern, the complaint appears to assert that because he is a citizen of the "Moorish National Republic," the state of Tennessee lacks jurisdiction over Johnson-Bey and thus cannot carry on court proceedings against him. (Id. at 7.) Johnson-Bey also appears to take issue with being labeled "Black" in court documents, asserting that this amounts to "Libel and Slander and Defamation of Character" because he is a "Free

-3-

White Person protected by Treaty provisions." (Id.) Johnson-Bey also states that his rights under the Fifth and Fourth Amendments have been violated. (Id. at 11, 12.) Johnson-Bey seeks $25,000,000.00, court costs, and injunctive relief. (Id. at 13-14.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to

the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

The undersigned submits that Johnson-Bey has failed to state any plausible claim for relief. The complaint is difficult to follow and fails to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even liberally construed, see Williams, 631 F.3d at 383, the complaint provides nothing beyond conclusory allegations and vague references to legal causes of action. It is devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Accordingly, the complaint fails to state a claim upon which relief could be granted.

-5-

C.   **Subject Matter Jurisdiction**

Under 28 U.S.C. § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Johnson-Bey's claims are wholly devoid of merit. See, e.g., People of Ta'Al Amooruc Repub. v. All Foreign Agents and Agencies of United States Corp. Co., No. 3:18-cv-01208, 2018 WL 5983002 at *4 (M.D. Tenn. Nov. 14, 2018) (collecting similar cases that have been dismissed as wholly frivolous). Accordingly, dismissal for lack of subject matter jurisdiction is likewise appropriate.

### III. RECOMMENDATION

For these reasons, it is recommended that plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 1, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**